UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SOUTH EASTERN MATERIALS, INC | ) | |
| | ) | |
| PO BOX 279 | ) | |
| ALBEMARLE, NC 28002-0279 | ) | Case No. B-09-52606 C-7W |
| | ) | |
| Debtor. | ) | |
|                                    | ) | |
| | ) | |
| W. JOSEPH BURNS, TRUSTEE, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| DENNIS-LAMBERT INVESTMENTS | ) | Adv. No. 11-6035 |
| LIMITED PARTNERSHIP | ) | |
| | ) | |
| MARIA DENNIS | ) | Adv. No. 11-6037 |
| | ) | |
| Defendants. | ) | |
|                                    | ) | |

**MEMORANDUM OPINION GRANTING MOTIONS TO AMEND COMPLAINTS**

These matters came before the Court for hearing on May 9, 2012, upon the Motions to File Amendment to Complaint (the "Motions"), filed by the Trustee on April 19, 2012. At the hearing, David F. Meschan appeared on behalf of W. Joseph Burns, Trustee (the "Trustee"), Ashley S. Rusher appeared on behalf of Dennis-Lambert Investments Limited Partnership ("DLI"), and R. Bradford Leggett appeared on behalf of Maria Dennis (together, the "Defendants").

Based upon a review of the Motions, the evidence presented at the hearing, and a review of the entire official files, this Court makes the following findings of fact and conclusions of law.

I. FACTS

Southeastern Materials, Inc. (the "Debtor"), a North Carolina corporation in the business of truss-manufacturing, filed a voluntary petition under Chapter 11 on December 30, 2009. The Debtor operated as debtor-in-possession until July 30, 2009, when the case was converted to Chapter 7. Maria Dennis is an employee of the Debtor. The Debtor had significant dealings with DLI, which was formed on October 18, 2000 by Tony Dennis, Betty Lambert, Kay Dennis, and Charlie Lambert for the purpose of acquiring and holding real estate investments. From DLI's formation until the Petition Date, the Debtor served as the general partner of DLI and owned a two-percent interest. Mr. Dennis, Ms. Lambert, and unspecified members of their respective families own the remaining 98 percent as limited partners.

The Trustee filed an adversary proceeding against DLI on May 19, 2011, alleging fraudulent conveyances under Sections 544(b) and 548 and N.C. Gen. Stat. § 39.23.4, and unjust enrichment. On the same day, the Trustee filed an adversary proceeding against Maria Dennis seeking recovery under Section 548, alleging that from December 30, 2005 through December 29, 2009, the Debtor transferred $183,715 to Maria without consideration to the Debtor. On April 19, 2012, the Trustee filed the Motions, which requested the authority to file amendments to the complaints in both cases. Specifically, the Motions seek to add a claim against DLI and Maria Dennis for preferential transfers under Section 547. The Defendants object to the Motions, claiming undue delay, prejudice, and a lack of factual nexus between the amendment and the original pleadings.

II. ANALYSIS

Rule 15(a) gives a plaintiff the right to amend a complaint once, as of right, within 21 days of serving it or receiving a responsive pleading or motion to dismiss. FED. R. CIV. P. 15(a).

Otherwise, a party may amend its pleading only with the opposing party's consent or the court's leave. FED. R. CIV. P. 15(a)(2). Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires," irrespective of when the motion is filed. FED. R. CIV. P. 15(a). Leave to amend should be denied, therefore, "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)) (internal quotation marks omitted).

DLI and Maria Dennis do not consent to the amendments to the Complaints proposed by the Trustee. The Defendants allege neither bad faith nor futility, however, so the only issue for the Court to consider is whether the proposed amendments would be prejudicial to DLI and Maria Dennis. Prejudice is the "touchstone of the inquiry under rule 15(a)." Lone Star Ladies Invest. Club v. Schlotzsky's Inc., 238 F.3d 363, 368 (5th Cir. 2001); Cornell & Co. v. OSHRC, 573 F.2d 820, 823 (3d Cir. 1978). The amount of prejudice necessary to deny a motion to amend is significant–only prejudice to the non-moving party that is "substantial or undue" is a sufficient ground for justifying the denial of leave to amend. FED. R. BANK. P. 7015; FED. R. CIV. P. 15(a); In re Charys Holding Co., 443 B.R. 638 (Bankr. D. Del. 2011). No substantial or undue prejudice has been shown here. The Trustee seeks to add a preference claim to the Complaints based on the same facts that he previously alleged. DLI and Maria Dennis cannot show that they will be unfairly disadvantaged or deprived of an opportunity to present facts or evidence that they would have offered had the amendments been made sooner. Indeed, in the most recent motions to extend scheduling deadlines

in these adversary proceedings,[1] the parties agreed that motions to amend could be filed as late as June 19, 2012. Thus, because the parties agreed that motions to amend could be filed up to two months after the Trustee filed his motions, because the Trustee seeks to assert an additional cause of action based on no additional facts, and because the parties are still in the process of conducting discovery, the Court finds that the proposed amendment would cause no substantial or undue prejudice to the Defendants.

The Court further finds that the Trustee's amendments relate back to the original complaints. Section 546(a) of the Bankruptcy Code provides a two-year statute of limitations for the commencement of preference and fraudulent conveyance actions, running from the filing of the bankruptcy. This case was filed on December 30, 2009, so the statute of limitations expired on December 30, 2011, more than three months before the Trustee filed the Motions. Therefore, unless the additional claims in the amended Complaints relate back to the date of the original Complaints, they must be dismissed. Rule 15(c)(1)(B), provides in pertinent part: "An amendment to the pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." FED. R. CIV. P. 5(c). The Fourth Circuit has explained that courts should focus on two issues in determining whether an amended claim relates back to an earlier complaint under Rule 15(c): "First, to relate back there must be a factual nexus between the amendment and the original complaint.... Second, if there is some factual nexus an amended claim is liberally

---

[1] Since the original scheduling memorandum was filed, the parties have jointly sought four extensions of the discovery deadline and other deadlines. All four motions have been granted. The latest order extending the deadlines was entered on April 19, 2012, the same day that the Trustee filed the Motions.

construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." Grattan v. Burnett, 710 F.2d 160, 163 (4th Cir. 1983) (internal citations omitted). The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 150 n.3, 104 S. Ct. 1723, 1725 (1984).

The parties disagree as to whether there is a factual nexus between the original and amended Complaints. The Defendants argue that the proposal to add a claim for relief pursuant to Section 547 does not arise out of the same conduct, transaction, or occurrence set out in the original Complaints because a cause of action for the avoidance and recovery of preferential transfers is "entirely different" in nature from the fraudulent transfer actions previously plead. (Resp. & Objection to Pl.'s Mot. To File Amendment to Compl. 5.) The Trustee, by contrast, argues that Rule 15(c) is satisfied because the Complaint puts the Defendants on notice of the majority of the salient elements of a preference claim. (Pl.'s Mot. to File Amendment to Compl. 5.) Specifically, the Trustee has previously asserted the Defendants' insider status, the Debtor's insolvency, the specific transfers with respect to which the Trustee seeks to assert preference claims, the Defendants' status as initial transferees of the subject transfers, and the aggregate amount of the transfers. (See id. at 4-5.) The Court concludes that there is a factual nexus between the Complaints and the preference claims that the Trustee seeks to add. The Defendants had notice of the claims and will not be prejudiced by the amendment. For these reasons, the Court concludes that the amendments relate back, and the preference claims are not time-barred.

This opinion constitutes the Court's findings of fact and conclusions of law. Separate

orders shall be entered pursuant to Fed. R. Bankr. P. 9021.